1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ERIC WALKER,

11              Petitioner,              No. 2:07-cv-00967 ALA HC

12        vs.

13   D.K. SISTO,

14              Respondent.              <u>ORDER</u>

15   _____/

16        Pending before the Court are Eric Walker's ("Petitioner") application for a writ of habeas

17   corpus pursuant to 28 U.S.C. § 2254(a) (doc. 1), Respondent's Motion to Dismiss (doc. 9),

18   Petitioner's Reply Motion to Respondent's Motion to Dismiss (doc. 11), and Respondent's

19   Reply to Petitioner's Opposition to Motion to Dismiss (doc. 15).  Also before the Court are the

20   parties' briefs filed in response to this Court's December 19, 2007 order requesting additional

21   briefing on the applicability of *Irons v. Carey*, 505 F.3d 846 (9th Cir. 2007) to this matter.  For

22   the reasons discussed below, Petitioner's application is denied.

23                                      **I**

24        On October 16, 1990, the San Diego County Superior Court convicted Petitioner of

25   attempted murder with the use of a firearm, and an assault with a firearm.  Petitioner was

26   sentenced to life with the possibility of parole.

On January 21, 1998, Petitioner appeared for his initial parole hearing. The Board of Prison Terms ("BPT") found that he was unsuitable for parole release. On June 5, 2000, Petitioner appeared at his next parole hearing. He was again found unsuitable for parole release. This hearing was delayed for over four months beyond the statutory time period prescribed by California Penal Code section 3041.5. [1] Similarly, Petitioner's subsequent July 25, 2002 parole release hearing was forty-two days after the period set forth in section 3041.57

Petitioner challenged the denial of a parole release in a state habeas corpus petition on the ground that the departures from the timing scheme prescribed by the statute violated his due process rights. In a May 23, 2003 decision, the Solano County Superior Court found that there was no due process violation even though the Board had failed to comply with the statutory requirements. The Superior Court, however, granted the petition on the ground that Petitioner was entitled to a timely parole hearing. Accordingly, the Superior Court issued an order requiring the BPT to conduct subsequent suitability hearings for Petitioner within the statutory time frames as specified in California Penal Code section 3041.5(b)(2).

Petitioner's next parole hearing was held on July 23, 2003. He was again denied a parole release date. Petitioner appeared for his fourth parole consideration hearing on July 19, 2004. The BPT refused to set a release date. On August 23, 2005, Petitioner appeared before the BPT

---

[1] Section 3041.5, which governs the timing of parole suitability hearings, provides, in relevant part:

> Within 20 days following any meeting where a parole date has not been set . . . .
>
> The board shall hear each case annually thereafter, except the board may schedule the next hearing no later than the following:
>
> (A) Two years after any hearing at which parole is denied if the board finds that it is not reasonable to expect that parole would be granted at a hearing during the following year and states the bases for the finding.

1   for his fifth parole release hearing.  The BPT declined to set a parole release date.

2          On November 9, 2005, Petitioner filed a state petition for a writ of habeas corpus in the

3   San Diego County Superior Court.  Petitioner challenged the BPT's denial of a parole release

4   date on the ground that it violated his right to due process by continuously failing to hold timely

5   parole release hearings in violation of both the statutory provisions of California Penal Code

6   section 3041.5 and the previous court order.  The Superior Court found that the BPT violated the

7   statutorily prescribed time limits as well as the 2003 Solano County Superior Court order

8   because the August 2005 hearing was held over one year after the July 2004 hearing.  On

9   September 27, 2006, the Superior Court granted Petitioner's petition in part.  It ordered the BPT

10  to conduct Petitioner's next hearing no later than July 2007:

11         On October 23, 2006, Petitioner filed a petition for a writ of habeas corpus in the

12  California Court of Appeal.  On February 23, 2006, the Court of Appeal affirmed the lower

13  court's decision and denied Petitioner's request to be immediately released from custody.

14              The petition for a writ of habeas corpus has been read and
                considered by Justices Benke, Huffman and Aaron. . . .
15
                On September 27, 2006, the Superior Court of San Diego County
16              granted in part [Petitioner's] petition for a writ of habeas corpus,
                finding the Board violated the Superior Court of Solano County's
17              order by conducting the 2005 hearing in August rather than July.
                It found the proper remedy was to order the Board "to conduct
18              [Petitioner's] next parole suitability hearing no later than July
                2007."
19
                [Petitioner] contends the relief provided by the Superior Court of
20              San Diego County "exceeds the bounds of all reason" and he
                should be immediately released from custody.  Although the
21              August 2005 hearing was late by one month, [Petitioner] has not
                been prejudiced because he was not suitable for parole at that time
22              and the Board has been ordered to conduct the next hearing in July
                2007. [Petitioner] has not shown he is illegally restrained and
23              entitled to be discharged from custody. (§ 1485; *People v. Duvall*
                (1995) 9 Cal.4th 464, 474.)
24
    California Court of Appeal Order, Pet. Ex. L at 2.
25
           On March 12, 2007, Petitioner filed a petition for review with the California Supreme
26

                                              3

Court.  On May 9, 2007, that court summarily denied Petitioner's petition.

Petitioner filed a timely application for a writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254(a).

In determining whether the California courts erred in holding that Petitioner's federal constitutional rights were not violated, this Court must look to the California Court of Appeal's decision as the last reasoned state court opinion addressing Petitioner's arguments. *See Franklin v. Johnson*, 290 F.3d 1223, 1233 n.3 (9th Cir. 2002) (explaining that when a subsequent appeal is denied without comment, a federal court must review the last state court decision that actually addresses a claim).

## II

### A

An application for a writ of habeas corpus on behalf of a person in custody pursuant to a state court judgment "shall not be granted with respect to any claim that was adjudicated on the merits" in state court unless the adjudication of the claim:

> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of  the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

/////

### B

Petitioner alleges in his § 2254(a) application that "[t]he [Board's] policy of delaying Petitioner's parole hearings in violation of Penal Code sections 3041 and 3041.5, and court rulings . . . violates Petitioner's clearly established federal constitutional rights to due process and fundamental fairness."  Pet. at 11.  This Court construes this as a procedural due process

1     claim.  "'A procedural due process claim has two distinct elements: (1) a deprivation of a

2     constitutionally protected liberty or property interest, and (2) a denial of adequate procedural

3     protections.'"  *McQuillion v. Duncan*, 306 F.3d 895, 900 (9th Cir. 2002) (quoting *Brewster v.*

4     *Bd. of Educ. of Lynwood Unified Sch. Dist.*, 149 F.3d 971, 982 (9th Cir. 1998)).  Respondent

5     argues that Petitioner has asserted a violation of state law.  Respondent maintains that this Court

6     can only review alleged violations of federal law under § 2254(a).  Respondent is correct.

7         This Court cannot grant relief on contentions that are premised on violations of state law.

8     *Estelle v. McGuire*, 502 U.S. 62, 67 (1991).  "[I]t is not the province of a federal habeas court to

9     reexamine state-court determinations on state-law questions."  *Id*. at 67-68.  Thus, the state

10    court's denial of his petition was not "contrary to, or involved an unreasonable application of,

11    clearly established federal law, as determined by the Supreme Court of the United States."  28

12    U.S.C. § 2254(d).

13                                       **C**

14         Petitioner contends that Respondent cannot make its argument in a motion to dismiss.

15    Specifically, he argues that "a motion to dismiss is not based on procedural grounds but attacks

16    underlying merits of the claim as alleged."  Pet. Reply at 6.  He relies on Rule 4 of the Rules

17    governing U.S.C. § 2254 claims for the proposition that Respondent cannot argue that Petitioner

18    failed to state a federal claim in a motion to dismiss.  This is incorrect.   Under Rule 4, "If it

19    plainly appears from the petition and any attached exhibits that the petitioner is not entitled to

20    relief in the district court, the judge must dismiss the petition."  *See also*, Committee Note to the

21    Rule ("The amended rule reflects that the response to a habeas petition may be made by a

22    motion.").  Therefore, Respondent can respond with a motion to dismiss on the ground that

23    Petitioner has failed to state a federal claim.

24    ///

25    ///

26    ///

1    Therefore, it is hereby ORDERED that Petitioner's application for habeas corpus relief is

2  DENIED.

3  ///

4  DATED: July 7, 2008

5                                              /s/ Arthur L. Alarcón

6                                              _____

7                                              UNITED STATES CIRCUIT JUDGE

8                                              Sitting by Designation

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26